# EXHIBIT A

| | | |
|---|---|---|
| Form FHA 440-16 (3-31-64) | UNITED STATES DEPARTMENT OF AGRICULTURE<br>FARMERS HOME ADMINISTRATION<br><br>PROMISSORY NOTE<br><br>(INSURED LOAN) | STATE Massachusetts<br>COUNTY Worcester<br>CASE NO. 25-14-641966 |

KIND OF LOAN:
[X] FO
[ ] INDIVIDUAL SW
[ ] _____ (Other)

DATE .......... April 12 .........., 19 66

FOR VALUE RECEIVED, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government"), at its office in _____

.......... Worcester, Massachusetts .......... , the principal sum of

.......... Sixteen Thousand and no/100-------------------------- dollars ($ 16,000.00 ......... ),

plus interest on the unpaid principal balance at the rate of .......... five .......... percent ( .... 5 .... %) per annum. The said principal and interest shall be payable in the following installments on or before the following dates:

$ 650.00 .......... January 1, 19 67, and $ 932.00 .......... annually thereafter on January 1, until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable .......... forty .......... ( 40 ) years from the date of this note. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

Every payment made on any indebtedness evidenced by this note shall be applied first to interest computed to the effective date of the payment and then to principal.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the regulations of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied to the installments last to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled herein.

Borrower agrees that the Government at any time may assign this note and insure the payment thereof, and, in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

While this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an annual installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

Borrower hereby certifies that he is unable to obtain sufficient credit elsewhere to finance his actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his community for loans for similar purposes and periods of time.

Default hereunder shall constitute default under any other instrument evidencing a debt of Borrower owing to or insured by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. Upon any such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farmers Home Administration Act of 1961 or Title V of the Housing Act of 1949, and shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

Presentment, protest, and notice are hereby waived.

_Leonard T. Pilling_ (SEAL)
Leonard T. Pilling (HUSBAND)

50 Bumblebee Circle, Shrewsbury, Mass. 01545
(POST OFFICE ADDRESS)

_Janet M. Pilling_ (SEAL)
Janet M. Pilling (WIFE)

Position 2

FHA 440-16 (Rev. 3-31-64)

41-02

Pay to the order of ___Amalgamated Cotton Garment and Allied Industries Fund - Retirement___

UNITED STATES OF AMERICA
FARMERS HOME ADMINISTRATION

By _____
D. M. Cox
**Insured Loan Officer**
(TITLE)

GPO 809-755

PAY TO THE ORDER OF THE
UNITED STATES OF AMERICA
WITHOUT RECOURSE
AMALGAMATED COTTON GARMENT & ALLIED-IND. FUND RETIREMENT

BY: _____

TITLE: ___AUTHORIZED SIGNATURE___

# EXHIBIT B

Form FHA
(Rev. 4-16-69)

KIND OF LOAN:
[X] FO        [ ] RH
                    [ ] NONFARM
                    [ ] 504
[ ] FO-NFE    [ ] RRH
[ ] SW(Ind.)  [ ] LH
[ ] RL

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

PROMISSORY NOTE
(INSURED LOAN)

STATE  Massachusetts
COUNTY  Worcester
CASE NO.  25-14-641966
FINANCE OFFICE USE ONLY
F/1    LN     LC    IA

Date ............. July 13 ............., 19 70

**FOR VALUE RECEIVED,** the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government") at its office in

............. Holden, Massachusetts ............., **THE PRINCIPAL SUM OF**

FOUR THOUSAND ONE HUNDRED TWENTY AND NO/100----------------------------------

**DOLLARS** ($ 4,120.00 ............. ), plus **INTEREST** on the **UNPAID PRINCIPAL** balance at the **RATE**

of ............. FIVE ............. **PERCENT** ( ..... 5 ..... %) **PER ANNUM.** The said **PRINCIPAL** and

**INTEREST** shall be **PAYABLE** in the **FOLLOWING** ............. FORTY-ONE ............. **INSTALLMENTS**
on or before the **FOLLOWING DATES:**                                    *(Number of installments)*

$ 115.00 ............. **JANUARY 1, 19** 71 ............., $ 240.00 ............. **ANNUALLY**
thereafter on **JANUARY 1,** until the **PRINCIPAL** and **INTEREST** are fully paid except that the **FINAL INSTALL-
MENT** of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and **PAYABLE** .............

............. FORTY ............. ( ..... 40 ..... ) **YEARS** from the **DATE** of
this **NOTE.** The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

Every payment made on any indebtedness evidenced by this note shall be applied first to interest computed to the effective date of the payment and then to principal.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the regulations of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied to the installments last to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled herein.

Borrower agrees that the Government at any time may assign this note and insure the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

While this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an annual installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

Borrower hereby certifies that he is unable to obtain sufficient credit elsewhere to finance his actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his community for loans for similar purposes and periods of time.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby shall not be assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower (a) will personally operate such property as a farm with his own and his family's labor if this is an FO loan, or (b) will personally occupy and use such property if this is an RH loan on a "nonfarm tract" or a section 504 RH loan.

*Position 2*                                    FHA 440-16 (Rev. 4-16-69)

**REFINANCING AGREEMENT:** If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

**DEFAULT** hereunder shall constitute default under any other instrument evidencing a debt of Borrower owing to or insured by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. **UPON ANY SUCH DEFAULT**, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farmers Home Administration Act of 1961 if the box opposite "FO", "FO–NFE", "RL", or "SW(Ind.)", is checked under the heading "KIND OF LOAN" or pursuant to Title V of the Housing Act of 1949 if the box opposite "RH", "RRH", or "LH", is checked. This note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

Presentment, protest, and notice are hereby waived.

_____ (SEAL)
Leonard T. Pilling   (HUSBAND)

Kingsbury Rd., Spencer, Mass. 01562
(Post-office address of Borrower, include ZIP Code)

_____ (SEAL)
Janet M. Pilling   (WIFE)

Pay to the order of _____ Franklin National Bank, New York, New York _____

Pay to the order of
THE AMALGAMATED BANK OF NEW YORK
Without Recourse
FRANKLIN NATIONAL BANK

_____
Official Signature

UNITED STATES OF AMERICA
FARMERS HOME ADMINISTRATION
By: _____
H. W. HACKER
INSURED LOAN OFFICER
(Title)

PAY TO THE ORDER OF THE
UNITED STATES OF AMERICA
WITHOUT RECOURSE
AMALGAMATED BANK OF NEW YORK
BY: _____

GPO 811-803

# EXHIBIT C

USDA-FmHA
Form FmHA 1940-17
(Rev. 10-89)

## PROMISSORY NOTE

| Name | |
|---|---|
| Leonard T. Pilling | |
| State | County |
| MASSACHUSETTS | WORCESTER |
| Case No. | Date |
| 25-14-10305611 | October 18, 1988 |
| Fund Code | Loan No. |
| 41 | 24 |

**KIND OF LOAN**

Type: __F.O.__   ☐ Regular  ☒ Limited Resource

Pursuant to:
☒ Consolidated Farm & Rural Development Act
☐ Emergency Agricultural Credit Adjustment Act of 1978

**ACTION REQUIRING NOTE**
☐ Initial loan           ☐ Rescheduling
☐ Subsequent loan        ☐ Reamortization
☐ Consolidated &         ☐ Credit sale
   subsequent loan       ☐ Deferred payments
☐ Consolidation          ☐ Debt write down
☐ Conservation easement

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in HOLDEN, MASSACHUSETTS _____, or at such other place as the Government may later designate in writing, the principal sum of

TWO HUNDRED FORTY SIX THOUSAND ONE HUNDRED TWENTY NINE AND 02/100------ dollars ($ 246,129.02 _____), plus interest on the unpaid principal balance at the RATE of

_____FIVE-----_____ percent ( 05.00 %) per annum and

FIVE THOUSAND NINE HUNDRED FIFTY SIX AND 12/100 _____ dollars ($ 5,956.12 _____) of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in __32__ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$ 0.00 _____ on 10/18/89 ; $ 0.00 _____ on 10/18/90 ;
$ 0.00 _____ on 10/18/91 ; $ 0.00 _____ on 10/18/92 ;
$ 0.00 _____ on 10/18/93 ; $ N/A _____ on N/A _____ ;
$ N/A _____ on N/A _____ ; $ N/A _____ on N/A _____ ;
$ N/A _____ on N/A _____ ; $ N/A _____ on N/A _____ ;
$ N/A _____ on N/A _____ ; $ N/A _____ on N/A _____ ;
and $ 19,183.00  19,311.00 ☒ ·V·  _____ thereafter on 10/18th of each year until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable __32__ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Records of Advances.

For each rescheduled, reamortized or consolidated note, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument.

FPI-PET                            Position 2                     FmHA 1940-17 (Rev. 10-89)

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, to be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s)(new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INT. RATE | DATE | ORIGINAL BORROWER | LAST INSTALL. DUE |
|---|---|---|---|---|---|
| 41-21 | $235,407.53 | 5.25 % | Jan 25, 1985 | Leonard T. Pilling and Janet M. Pilling | Jan 25, xx 2020 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Soil Conservation Service (SCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the SCS or the appropriate conservation district in accordance with SCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by SCS or the appropriate conservation district in accordance with SCS's requirements.

**DEFAULT:** Failure to pay when ~~due~~ any debt evidenced by this note or perform ~~any~~ covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

*Leonard T. Pilling* (Borrower)

Kingsbury Road

Spencer, MA 01562

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $      |      | $      |      | $      |      |
| $      |      | $      |      | $      |      |
| $      |      | $      |      | $      |      |
| $      |      | $      |      | $      |      |
|        |      |        | TOTAL | $     |      |

# EXHIBIT D

USDA-FmHA
Form FmHA 1940-17
(Rev. 6-16-81)

"Rescheduled with Set Aside"

### PROMISSORY NOTE

| Name | |
|---|---|
| Leonard T. & Janet M. Pilling | |
| State | County |
| Massachusetts | Worcester |
| Case No. | Date |
| 25-14-641966 | 1/25/85 |
| Fund Code | Loan No. |
| 44 | 22 |

K. OF LOAN

Type: __OL-Limited Resource__

Pursuant to:
☒ Consolidated Farm & Rural Development Act
☐ Emergency Agricultural Credit Adjustment Act of 1978

ACTION REQUIRING NOTE
☐ Initial loan          ☒ Rescheduling
☐ Subsequent loan   ☐ Reamortization
☐ Consolidation &    ☐ Credit sale
   subsequent loan   ☐ Deferred payments
☐ Consolidation

FOR VALUE RECEIVED, the undersigned Borrower(s) and any comakers jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in __HOLDEN, MA__

_____, or at such other place as the Government may hereafter designate in writing, the principal sum of

__Twenty-Five Thousand Six Hundred Eleven and NO/100-----------------------__ dollars

($ __25,611.25-----------------------__ ), plus interest on the unpaid principal balance at the RATE of

__Seven and One Quarter__ percent ( __7.25__ %) per annum. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may CHANGE THE RATE OF INTEREST, in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in __16__ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$ ____0____ on January 1, 19 _86_;  $ ____0____ on January 1, 19_87_;
$ ____0____ on January 1, 19 _88_;  $ ____0____ on January 1, 19_89_;
$ ____0____ on January 1, 19 _90_;  $ __3637__ on January 1, 19_91_;
$ _____ on January 1, 19 ___;  $ _____ on January 1, 19 ___;
$ _____ on January 1, 19 ___;  $ _____ on January 1, 19 ___;
$ _____ on January 1, 19 ___;  $ _____ on January 1, 19 ___;
and $ __3689__ thereafter on January 1st of each year until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable __15__ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Records of Advances.

For each rescheduled, reamortized or consolidated note, interest accrued to the date of this instrument shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to interest accrued as of the date of receipt of the payment and then to principal.

*Position 2*                                                            FmHA 1940-17 (Rev. 6-16-81)

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, to be applied to the last installment to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled herein.

If the Government at any time assigns this note and insures the payment thereof, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced hereby, at the option of the Government shall become a part of and bear interest at the same rate as the prinicpal of the debt evidenced hereby and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FACE AMOUNT | INT. RATE | DATE | ORIGINAL BORROWER | LAST INSTALL. DUE |
|---|---|---|---|---|
| $ 31787.79 | 10.25 % | 10/5 , 19 83 | Leonard T. Pilling | 10/5 , 19 90 |
| $ | % | , 19 | Janet M. Pilling | , 19 |
| $ | % | , 19 | | , 19 |
| $ | % | , 19 | | , 19 |
| $ | % | , 19 | | , 19 |
| $ | % | , 19 | | , 19 |
| $ | % | , 19 | | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.

**DEFAULT:** Failure to pay when due any debt evidenced hereby or perform any covenant of agreement hereunder shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default hereunder. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

Presentment, protest, and not' are hereby waived.

(SEAL)  _____ (Borrower)
        LEONARD T. PILLING

(SEAL)  _____ (Borrower)
        JANET M. PILLING

| RECORD OF ADVANCES ||||||
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ | |