# EXHIBIT E

USDA-FmHA
Form FmHA 1940-17
(Rev. 6/85)

| KIND OF LOAN | |
|---|---|
| Type: **Farm Operating** | ☐ Regular |
| | ☒ Limited Resource |
| Pursuant to: | |
| ☒ Consolidated Farm & Rural Development Act | |
| ☐ Emergency Agricultural Credit Adjustment Act of 1978 | |

## PROMISSORY NOTE

| Name | |
|---|---|
| Leonard T. Pilling | |
| State | County |
| Massachusetts | Worcester |
| Case No. | Date |
| 25-14, 641966 | January 5, 1987 |
| Fund Code | Loan No. |
| 44 | 23 |

| ACTION REQUIRING NOTE | |
|---|---|
| ☐ Initial loan | ☒ Rescheduling |
| ☐ Subsequent loan | ☐ Reamortization |
| ☐ Consolidation & subsequent loan | ☐ Credit sale |
| ☐ Consolidation | ☐ Deferred payments |

FOR VALUE RECEIVED, the undersigned Borrower(s) and any comakers jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in __Holden, MA__

_____, or at such other place as the Government may hereafter designate in writing, the principal sum of __THIRTY-TWO THOUSAND TWO HUNDRED FIFTY-EIGHT and 80/100_____ dollars ($ __32,258.80_____), plus interest on the unpaid principal balance at the RATE of __Four and one half_____ percent (__4.5000__%) per annum. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may CHANGE THE RATE OF INTEREST, in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in __16__ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$ __1,436.00_____ on January 1, 19 __88__; $ __N/A_____ on January 1, 19 ___;
$ __N/A_____ on January 1, 19 ___; $ __N/A_____ on January 1, 19 ___;
$ __N/A_____ on January 1, 19 ___; $ __N/A_____ on January 1, 19 ___;
$ __N/A_____ on January 1, 19 ___; $ __N/A_____ on January 1, 19 ___;
$ __N/A_____ on January 1, 19 ___; $ __N/A_____ on January 1, 19 ___;
$ __N/A_____ on January 1, 19 ___; $ __N/A_____ on January 1, 19 ___;
and $ __3,004.00_____ thereafter on January 1st of each year until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable __15__ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Records of Advances.

For each rescheduled, reamortized or consolidated note, interest accrued to the date of this instrument shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to interest accrued as of the date of receipt of the payment and then to principal.

Presentment, protest, and notice are waived.

(SEAL)          _Leonard T. Pelley_ (Borrower)

(SEAL)          _____ (Borrower)

25 Kingsbury Rd.

Spencer, Ma 01562

| RECORD OF ADVANCES |||||| 
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | | TOTAL $ | |

☆U.S. GOVERNMENT PRINTING OFFICE : 1985—652-054/20006

Position 2          FmHA 1940-17 (Rev. 6/85)

# EXHIBIT F

HA
HA 440-4
/88)

## SECURITY AGREEMENT
### (CHATTELS AND CROPS)

I. THIS SECURITY AGREEMENT, dated March 23, 1995, is made between the United States of America acting through the Farmers Home Administration (called Secured Party) and

LEONARD T. PILLING    and

(called Debtor), whose mailing address is

Kingsbury rd. Spencer, MA 01562-

II. BECAUSE Debtor is justly indebted to Secured Party as evidenced by one or more certain promissory note(s) or other instrument(s), and in the future may incur additional indebtedness to Secured Party which will also be evidenced by one or more promissory note(s) or other instrument(s), all of which are called "note", which has been executed by Debtor, is payable to the order of Secured Party, and authorizes acceleration of the entire indebtedness at the option of Secured Party upon any default by Debtor; and

The note evidences a loan to Debtor, and Secured Party at any time, may assign the note and insure the payment thereof to any extent authorized by the Consolidated Farm and Rural Development Act or any other act administered by the Farmers Home Administration and

It is the purpose and intent of this instrument that, among other things, at all times when the note is held by Secured Party, or in the event Secured Party should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced by the note, but as to the note and such debt shall constitute an indemnity security agreement to secure Secured Party against loss under its insurance contract by reason of any default by Debtor; and

NOW THEREFORE, in consideration of said loan(s) and (a) at all times when the note is held by Secured Party, or in the event Secured Party should assign this instrument without insurance of the payment of the note, to secure the prompt payment of all existing and future indebtedness and liabilities of Debtor to Secured Party and of all renewals and extensions of such indebtedness and any additional loans or future advances to Debtor before or after made or insured by Secured Party under the then existing provisions of the Consolidated Farm and Rural Development Act or any other act administered by the Farmers Home Administration all with interest, (b) at all times when the note is held by an insured holder, to secure performance of Debtor's agreement in this instrument to indemnify and save harmless Secured Party against loss under its insurance contract by reason of any default by Debtor, (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by Secured Party, with interest, as described in this instrument, and the performance of every covenant and agreement of Debtor contained in this instrument or in any supplementary agreement:

DEBTOR GRANTS to Secured Party a security interest in Debtor's interest in the following collateral, including the proceeds and products thereof after this collateral:

FmHA 440-4 (Rev. 2/88)

All livestock (except livestock and poultry kept primarily for subsistence purposes), fish, bees, birds, ing animals, other animals produced or used for commercial purposes, other farm products, and supplies, now owned or er acquired by Debtor, together with all increases, replacements, substitutions, and additions thereto, including but ited to the following:

| Quantity | Kind-Sex | Breed | Color | Weight, average weight | Age or age Range | Brands or other identification |
|---|---|---|---|---|---|---|
| 41 | COWS-FEMALE (BROOD COWS) | Holstein | Black/White | 1,100 | 2-9 | |

All farm and other equipment (except small tools and small equipment such as hand tools, power lawn mowers or items of like type unless described below), and inventory, now owned or hereafter acquired by Debtor, together l replacements, substitutions, additions, and accessions thereto, including but not limited to the following:

| Quantity | Kind | Manufacturer | Size and Type | Condition | Year of manufacture | Serial or Motor No. |
|---|---|---|---|---|---|---|
| 1 | TRACTOR | J.D. | model 620 | Fair | 1950 | 6200353 |
| 1 | TRACTOR | White | model 80 | Good | 1989 | 403208-80F |
| 1 | TRACTOR | J.D. | model 4000 | Fair | 1972 | 305648R |
| 1 | PLOW | J.D. | 4 bottom | Fair | 1973 | |
| 1 | MANURE SPREADER | Gehl | Mod.MS375 | Fair | 1980 | |
| 1 | FORAGE HARVESTOR | J.D. | model 38 | Fair | 1973 | 034493E |
| 1 | MOWER-CONDITIONER | J.D. | model 483 | Poor | 1969 | 199459E |
| 1 | HAY RAKE | J.D. | model 640 | Fair | 1973 | |
| 1 | FORAGE HEAD | J.D. | | Fair | 1973 | |
| 1 | HARROW | Bushhog | 1439-024 | Good | 1982 | 11-00715 |
| 1 | CHUCK WAGON | J.D. | mod. 714 | Fair | 1983 | 1075-015731W |
| 1 | HAY ELEVATOR | J.D. | mod. 35 | Fair | 1975 | |
| 1 | SILO UNLOADER | Jamesway | | Fair | 1977 | |
| 1 | PLANTER | J.D. | | Poor | 1972 | 29859 |
| 1 | SPRAYER | J.D. | 25A | Poor | 1972 | 004459N |
| 1 | FRONT TND LOADER | White | mod 11700A | Good | 1989 | 37091 |
| 1 | TEDDER | Kuhn | GF444 | Fair | 1980 | 1347 |
| 1 | SAW | Woodmont | | Fair | 1982 | |
| 1 | FARM TANK | Cher Burrell | 300 gal | Good | | 300-5476H |
| 1 | BULK COOLER | Delaval | 400 gal | Good | | 17150 |
| 1 | BALER W/THROWER | New Idea | model 551 | Good | | 08576 |

ture described above is affixed or is to be affixed to the real estate described in Item 1 of this instrument.

Item 1. All crops, annual and perennial, and other plant products now planted, growing or grown, or which are planted afte this instrument is signed or otherwise become growing crops or other plant products (a) within the one-year period or any lor period of years permissible under State law, or (b) at any time after this instrument is signed if no fixed maximum period is prescribed by State law, on the following described real estate:

| Farm(s) or Other Real Estate *Owner | Approximate No. of Acres | County and State | Approximate Distance and Direction from a Named Town or other Description |
|---|---|---|---|
| PILLING-ASCS # | 367 | | |

Including all peanut and tobacco poundage allotments existing on or leased and transferred or to be leased and transferred to above described farms as well as any proceeds dervied from the conveyance or lease and transfer by the debtors to any subsequ party.

*Owner shown in related Financing Statement, except if informed of ownership change show reputed new owner.

Item 4.   All accounts, contract rights and general intangibles, as follows:

III. DEBTOR WARRANTS, COVENANTS, AND AGREES THAT:
  A. Debtor is the absolute and exclusive owner of the above-described collateral, and any marks or brands used to describe livestock are the holding brands and carry the title, although the livestock may have other marks or brands, and suc collateral is free from all liens, encumbrances, security and other interests except (1) any existing liens, encumbrances, se or other interests in favor of Secured Party which shall remain in full force and effect, (2) any applicable landlord's statu liens, and (3) other liens, encumbrances, security or other interests, as follows:

and Debtor will defend the collateral against the claims and demands of all other persons. Reference to the above liens, encumbrances, security and other interests is for warranty purposes only and does not indicate their priority.
  B. Statements contained in Debtor's loan application(s) are true and correct; and Debtor will (1) use the loan fu the purposes for which they were or are advanced, (2) comply with such farm and home management plans as may be agreed upon f time to time by Debtor and Secured Party, (3) care for and maintain the collateral in a good and husbandlike manner, (4) insu collateral in such amounts and manner as may be required by Secured Party, and if Debtor fails to do so, Secured Party, at it option, may procure such insurance, (5) permit Secured Party to inspect the collateral at any reasonable time, (6) not abando collateral or encumber, conceal, remove, sell or otherwise dispose of it or of any interest in the collateral, or permit othe do so, without the prior written consent of Secured Party, and (7) not permit the collateral to be levied upon, injured or destroyed, or its value to be impaired, except by using harvested crops in amounts necessary to care for livestock covered by instrument.
  C. Debtor will pay promptly when due all (1) indebtedness evidenced by the note and any indebtedness to Secured P secured by this instrument, (2) rents, taxes, insurance premiums, levies, assessments, liens, and other encumbrances, and cos liens searches and maintenance and other charges now or later attaching to, levied on, or otherwise pertaining to the collate this security interest, (3) filing or recording fees for intruments necessary to perfect, continue, service, or terminate thi security interest, and (4) fees and other charges now or later required by regulations of the Farmers Home Administration. A times when the note is held by an insured holder, Debtor shall continue to make payments on the note to Secured Party, as collection agent for the holder.
  D. If the note is insured by Secured Party, Debtor will indemnify and save harmless Secured Party against any los reason of any default by Debtor.
  E. At all times when the note is held by an insured holder, any amount due and unpaid under the terms of the note which the holder is entitled may be paid by Secured Party to the holder of the note for the account of Debtor. Any amount du unpaid under the terms of the note, whether it is held by Secured Party or by an insured holder, may be credited by Secured P the note and thereupon shall constitute an advance by Secured Party for the account of Debtor. Any advance by Secured Party described in this paragraph shall bear interest at the note rate from the date on which the amount of the advance was due to date of payment to Secured Party, provided that Borrower shall be required to pay interest on only the principal portion of s advance unless otherwise provided in the regulations of the Farmers Home Administration.
  F. Whether or not the note is insured by Secured Party, Secured Party may at any time pay any other amounts requi this instrument to be paid by Debtor and not paid when due, including any costs and expenses for the preservation or protecti the collateral or this security interest, as advances for the account of Debtor. All such advances shall bear interest at th borne by the note which has the highest interest rate.
  G. All advances by Secured Party as described in this instrument, with interest, shall be immediately due and pay by Debtor to Secured Party without demand at the place designated in the latest note and shall be secured by this instrument. such advance by Secured Party shall relieve Debtor from breach of the covenant to pay. Any payment made by Debtor may be app on the note or any indebtedness to Secured Party secured hereby, in any order Secured Party determines.
  H. In order to secure or better secure the above-mentioned obligations or indebtedness, Debtor will execute and d to Secured Party at any time, upon demand, such additional security instruments on such real and personal property as Secured may require.

IS FURTHER AGREED THAT:
A. Until default Debtor may retain possession of the collateral.
B. Default shall exist under this instrument if Debtor fails to perform or discharge any obligation or to pay promptly ›btedness secured by this instrument or to observe or perform any covenants or agreements in this instrument or in any ›ntary agreement contained, or if any of Debtor's representations or warranties herein prove false or misleading, or upon the incompetency of the parties named as Debtor, or upon the bankruptcy or insolvency of anyone of the parties named as Debtor. shall also exist if any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G,
M. Upon any such default.
1. Secured Party, at its option, with or without notice as permitted by law, may (a) declare the unpaid balance on ' and any indebtedness secured by this instrument immediately due and payable, (b) enter upon the premises and cultivate and crops, take possession of, repair, improve, use, and operate the collateral or make equipment unusable, for the purpose of ing or preserving the collateral or this lien, or preparing or processing the collateral for sale, and (c) exercise any sale rights accorded by law.
2. Debtor (a) agrees to assemble the collateral and make it available to Secured Party at such time(s) and ' as designated by Secured Party, and (b) waives all notices, exemptions, compulsory disposition and redemption rights.
3. A default shall exist under any other security instrument held or insured by Secured Party and executed or by Debtor on real or personal property. Likewise, default under such other security instrument shall constitute default ›is instrument.
C. Proceeds from disposition of collateral shall be applied first on expenses of retaking, holding, preparing for sale, and the like and for payment of reasonable attorneys' fees and legal expenses incurred by Secured Party, second to the :tion of prior security interests or liens to the extent required by law and in accordance with current regulations of the Home Administration, third to the satisfaction of indebtedness secured by this instrument, fourth to the satisfaction of 1ate security interests to the extent required by law, fifth to any other obligations of Debtor owing to or insured by Party, and sixth to Debtor. Any proceeds collected under insurance policies shall be applied first on advances and :ures made by Secured Party, with interest, as provided above, second on the debt evidenced by the note, unless Secured Party ; in writing to their use by Debtor under Secured Party's direction for repair or replacement of the collateral, third on any ›ligation of Debtor owing to or insured by Secured Party, and any balance shall be paid to Debtor unless otherwise provided insurance policies. Debtor will be liable for any deficiency owed to Secured Party after such disposition of proceeds of lateral and insurance.
D. It is the intent of Debtor and Secured Party that to the extent permitted by law and for the purpose of this ent, no collateral covered by this instrument is or shall become realty or accessioned to other goods.
E. This instrument is subject to the present regulations of the Secured Party and to its future regulations not stent with the express provisions of this instrument.
F. If any provision of this instrument is held invalid or unenforceable, it shall not affect any other provisions, ; instrument shall be construed as if it had never contained such invalid or unenforceable provision.
G. The rights and privileges of Secured Party under this instrument shall accrue to the benefit of its successors and All covenants, warranties, representations, and agreements of Debtor contained in this instrument are joint and several ll bind personal representatives, heirs, successors, and assigns.
H. If at any time it shall appear to Secured Party that Debtor may be able to obtain a loan from a production credit :ion, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans ilar purposes and periods of time, Debtor will, upon Secured Party's request, apply for and accept such loan in sufficient :o pay the note and any indebtedness secured by this instrument and to pay for any stock necessary to be purchased in a :ive lending agency in connection with such loan.
I. Secured Party shall have the sole and exclusive rights as the secured party under this instrument, including but not to the power to grant or issue any consent, release, subordination, continuation statement or termination statement, and no holder shall have any right, title, or interest in or to the security interest created by this instrument or any benefits of

J. SECURED PARTY HAS INFORMED DEBTOR THAT DISPOSAL OF PROPERTY COVERED BY THIS SECURITY AGREEMENT WITHOUT THE CONSENT ₹ED PARTY, OR MAKING ANY FALSE STATEMENT IN THIS SECURITY AGREEMENT OR ANY OTHER LOAN DOCUMENT, MAY CONSTITUTE A VIOLATION OF CRIMINAL LAW.
K. Failure by the Secured Party to exercise any right—whether once or often—shall not be construed as a waiver of any t or condition or of the breach of such covenant or condition. Such failure shall also not affect the exercise of such right notice upon any subsequent breach of the same or any other covenant or condition.

_____ (SEAL)        _____ (SEAL)
ᴅ T. PILLING            (Debtor)                                (Debtor)

# EXHIBIT G

MA SOC   Filing Number: 200214416590   Date: 08/27/2002 11:10:00 AM

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front, back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

United States Department of Agriculture
Farm Service Agency
Medical Arts Building
52 Boyden Road
Holden, MA 01520

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| Pilling | Leonard | | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| Kingsbury Road | Spencer | MA | 01562 | USA |
| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
| 010305611 | ORGANIZATION DEBTOR: Farm | | | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATION ID #, if any | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Farm Service Agency/USDA | | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 52 Boyden Road | Holden | MA | 01520 | USA |

4. This FINANCING STATEMENT covers the following collateral:

All crops, livestock, farm products, equipment, certificates of title, goods, supplies, inventory, accounts, deposit accounts, supporting obligations, payment intangibles, general intangibles, investment property, crop insurance, indemnity payments, and all entitlements, benefits, and disposition of such collateral is not hereby authorized.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |
| 8. OPTIONAL FILER REFERENCE DATA | | | | | | |

22568-19-0
FILING OFFICE COPY - NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)